FILED

Dec. 31, 2019

Clerk, U.S. District Court
District of Montana
Great Falls Division

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN LEN COCHRAN,<br><br>Defendant. | CR 14-75-GF-BMM-JTJ<br><br>**FINDINGS AND**<br>**RECOMMENDATIONS** |

### I.  Synopsis

Defendant Justin Len Cochran (Cochran) has been accused of violating the conditions of his supervised release.  Cochran admitted all of the alleged violations, except alleged violation 2.  The Court dismissed alleged violation 2 on the government's motion.  Cochran's supervised release should be revoked. Cochran should be placed in custody for 4 months, with 32 months of supervised release to follow.  Cochran should serve the first 60 days of supervised release in a secure inpatient substance abuse treatment center.  Cochran should serve up to the next 180 days in a residential re-entry center, as directed by his probation officer.

### II.  Status

Cochran pleaded guilty to being a Felon in Possession of a Firearm on November 5, 2014.  (Doc. 20).  The Court sentenced Cochran to 56 months of

custody, followed by 3 years of supervised release. (Doc. 27). Cochran's current term of supervised release began on September 5, 2019. (Doc. 54 at 1).

### Petition

The United States Probation Office filed a Petition on December 23, 2019, requesting that the Court revoke Cochran's supervised release. (Doc. 54). The Petition alleged that Cochran had violated the conditions of his supervised release: 1) by using methamphetamine on two separate occasions; 2) by failing to report for substance abuse treatment; 3) by failing to report for substance abuse testing; and 4) by consuming alcohol.

### Initial appearance

Cochran appeared before the undersigned for his initial appearance on December 27, 2019. Cochran was represented by counsel. Cochran stated that he had read the petition and that he understood the allegations. Cochran waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on December 27, 2019. Cochran admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine on two separate occasions; 2) by failing to report for substance

abuse testing; and 3) by consuming alcohol. The Court dismissed alleged violation 2 on the government's motion. The violations that Cochran admitted are serious and warrant revocation of Cochran's supervised release.

Cochran's violations are Grade C violations. Cochran's criminal history category is V. Cochran's underlying offense is a Class C felony. Cochran could be incarcerated for up to 24 months. Cochran could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III. Analysis

Cochran's supervised release should be revoked. Cochran should be incarcerated for 4 months, with 32 months of supervised release to follow. Cochran should serve the first 60 days of supervised release in a secure inpatient substance abuse treatment center. Cochran should serve up to the next 180 days in a residential re-entry center, as directed by his probation officer. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Cochran that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Cochran of his right to object to these Findings and Recommendations

3

within 14 days of their issuance. The Court explained to Cochran that Judge

Morris would consider a timely objection before making a final determination on

whether to revoke his supervised release and what, if any, sanction to impose.

Cochran stated that he wished to waive his right to object to these Findings and

Recommendations, and that he wished to waive his right to allocute before Judge

Morris.

The Court **FINDS:**

> That Justin Len Cochran violated the conditions of his supervised release:
> by using methamphetamine on two separate occasions; by failing to report
> for substance abuse testing; and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Cochran's supervised release
> and commit Cochran to the custody of the United States Bureau of
> Prisons for 4 months, with 32 months of supervised release to follow.
> Cochran should serve the first 60 days of supervised release in a
> secure inpatient substance abuse treatment center. Cochran should
> serve up to the next 180 days in a residential re-entry center, as
> directed by his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will

4

make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 31st day of December, 2019.

John Johnston
United States Magistrate Judge